IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VISIONX TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| SONY GROUP CORPORATION, SONY SEMICONDUCTOR MANUFACTURING CORPORATION, SONY CORPORATION, AND SONY SEMICONDUCTOR SOLUTIONS CORPORATION, | § § § § § § § | CIVIL ACTION NO. 2:22-CV-00178-RSP |
| *Defendants.* | § § | |

**MEMORANDUM ORDER**

Before the Court, defendants Sony Group Corporation, Sony Corporation, Sony Semiconductor Manufacturing Corporation, and Sony Semiconductor Solutions Corporation (collectively, "Sony") move pursuant to 28 U.S.C. § 1404(a) to transfer the instant action from this district ("EDTX") to the Northern District of California ("NDCA"). Dkt. No. 35. For the following reasons, the motion is **DENIED**.

I. **Background**

Plaintiff VisionX Technologies LLC filed the instant action alleging that Sony digital camera modules and image sensors thereof infringe US Patent Nos. 7,867,808 (" '808 Patent"); 8,035,143 (" '143 Patent"); and 7,868,366 (" '366 Patent"), which are generally directed to chip technologies for image sensors. Accused products include the image sensors in isolation and image sensors incorporated into other products. Sony moved to transfer to NDCA. Dkt. No. 35. Thereafter, the parties moved jointly to extend the briefing schedule to accommodate venue discovery. Dkt. No. 39 & 40. The motion is now fully briefed. Dkt. Nos. 43 (response), 48

(reply), 49 (affidavit in support) & 50 (sur-reply).

## II.     Law and Analysis

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("Volkswagen II"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

If that inquiry is satisfied, the Court determines whether transfer is proper by analyzing and weighing various private and public interest factors. *Id.*; accord *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the

2

avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *Apple*, 979 F.3d at 1338. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

Turning to the motion, Sony argues and VisionX does not dispute that suit could have been brought in NDCA. Compare Dkt. No. 35 p 6, with Dkt. No. 43 p 3 (VisionX does not raise the threshold inquiry in its analysis of the law or within its arguments). Accordingly, the Court will balance the private and public factors.

### A. Ease of Access to Sources of Proof

The "relative ease of access to sources of proof" factor concerns "documents and other physical evidence." *Apple*, 979 F.3d at 1339. "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17).

Sony contends that its U.S. operations responsible for the accused product are headquartered in San Jose, California, and that those operations possess documents relevant to (1) technical requirements, integration, and testing, and (2) marketing and sales of the accused image sensor sold both in insolation and incorporated into finished products. Dkt. No. 35 p 11-12; Dkt. No. 48 p 5. However, VisionX points out that Sony's corporate representative, Mr. Choi, testified during his deposition that none of the accused sensors are designed, developed, or manufactured in the NDCA. Dkt. No. 43, Ex. A at pp. 27-28. Sony's only U.S. design center for the accused sensors is in Rochester, New York. All other relevant design and manufacturing centers are located in either Japan or Thailand. When asked about the NDCA operation, Mr. Choi testified as follows:

> "Q. Fair to say that SSA San Jose is kind of like a sales office? They get the initial calls—at least the sales team—and then they hand that information off to the more robust sales team outside the United States?
> A. I tend to agree." *Id*. at 39.

VisionX thus argues that (1) technical information is located in New York, Japan, and Thailand, (2) Sony's operations in Japan possess complete sales information including image sensors sold in isolation and sold incorporated into products, (3) Sony's operations in this district possess sales information related to Sony brand cameras incorporating the accused device, (4) licensing information of the accused product is located in Massachusetts, New Jersey, and North

4

Carolina, and (5) third-party customers of Sony include Nokia, which has corporate offices in this district; Huawei, Tesla, and Texas Instruments, which are headquartered in Austin, Texas; and BLU Products, which is headquartered in Miami Florida. Dkt. No. 43 pp 3-8.

Sony's overseas evidence is no more easily accessed here than in the NDCA, but the third party evidence is clearly more conveniently accessed from this district. Based on the testimony of Mr. Choi, the Court finds that Sony's operations in San Jose are not the relevant corporate headquarters for this case. That role would fall to either the offices in New York or Japan. After weighing the arguments, this factor is either neutral or weighs against transfer.

B.  **Availability of Compulsory Process**

The "ability to compel testimony through subpoena power is also an important factor in the § 1404(a) calculus." *Acer*, 626 F.3d at 1255-56.

Sony argues that third-party customers such as Apple, Google, and Leopard Imaging, each of which are headquartered in NDCA, possess sales information related to the importation of finished products containing the accused product. Dkt. No. 35 pp 9-10. Sony relies on cases such as *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *3, 5 (Fed. Cir. Nov. 15, 2021), and *In re HP Inc.*, 826 F. App'x 899, 903-04 (Fed. Cir. 2020), for the proposition that a third-party entity with relevant information should not be discounted simply because a party in suit failed to identify specific employees of the third-party entity. Dkt. No. 35 pp 9-10.  However, it bears noting that all of the witnesses discussed by Sony are said to have knowledge of sales, which is almost always covered by simple documentary evidence rather than testimony at trial.

VisionX argues that Sony's position is unsupported by any investigation as to where witnesses with relevant information reside. Dkt. No. 43 pp 8-9. Applying Sony's own logic, VisionX argues that that third-party customers of Sony with operations in Texas, including

Nokia, Texas Instruments, Huawei, Tesla, and Apple, also employ witnesses in possession of relevant knowledge. *Id.*

VisionX also rebuts Sony's interpretation of *Apple* and *HP*. *Id.* When recounting its decision in *HP*, the Federal Court noted that "there was 'no basis to discount' third-party entities *that the district court itself had recognized* as having pertinent information in the transferee venue 'just because individual employees were not identified.'" *Apple*, WL 5291804, at *3 (citing *HP*, 826 F. App'x at 903) (emphasis added). Here, the Court recognizes the third-party entities VisionX and Sony espouse, even without identifying individual employees. However, the instant suit is distinguishable from *Apple* and *HP* because of the existence of third-party entities within both districts ostensibly possessing relevant information.

Thus, this factor hinges upon the inherent limits of this Court's and NDCA's subpoena power over identified third-party entities.

> A subpoena may command a person to attend a trial… only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person … (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. Proc. 45(c)(1)(A) & (B)(ii). On one hand, both Apple's and Google's headquarters are proximate to San Jose, such that representative thereof may be compelled to trial by NDCA, San Jose division. On the other hand, operations of Nokia, Texas Instruments, Huawei, Tesla, and Apple are beyond 100 miles from this court, but attendance would not result in substantial expense nor even require lodging.

Based on the number of third-party entities with relevant information and the likelihood of their testimony at trial, this factor weighs at least slightly against transfer.

### C. Cost of Attendance for Willing Witnesses

"[T]he relative convenience for and cost of attendance of witnesses between the two

6

forums is 'probably the single most important factor in transfer analysis.'" *Juniper*, 14 F.4th at 1318–19 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1343-49 (Fed. Cir. 2009)). The predominant use of witness testimony is a case such as this concerns the technical issues regarding infringement and validity. Sony does not contend that any such witnesses are located in the NDCA.

Sony presents three willing witnesses based in San Jose, California. Dkt. No. 35 pp 7-8. VisionX rebuts arguing for the cost of attendance of witnesses from New York, Missouri, Japan and Thailand. Dkt. No. 43 pp 10-12. Willing witnesses already traveling from abroad are only "slightly more inconvenienced" by traveling extra distance. *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *3-5 (Fed. Cir. Sept. 27, 2021) (citing *Genentech*, 566 F.3d at 1345, *Apple*, 979 F.3d at 1342, and *In re TracFone Wireless, Inc.*, 852 F. App'x 537, 539 (Fed. Cir. 2021)). However, the same cannot be said of the willing witnesses from Missouri and New York.

Setting aside the minor offsets of convenience for and against transfer imparted on willing witnesses from Japan and Thailand, there are identified witnesses in Missouri and New York, and the three sales witnesses in NDCA. Accordingly, this factor is neutral.

### D.  Other Practical Problems

Sony asserts that transfer will not offend notions of judicial economy given the early stage of the case and the absence of other pending cases involving the asserted patents. Dkt. No. 35 p 12. These arguments are neutral because the same can be said of denying transfer.

VisionX argues that the cost of hotels, food, and related overnight expenses in NDCA as compared to EDTX weighs against transfer. Dkt. No. 43 p 13-14 (citing *In re Planned*

*Parenthood Federation of Am., Inc.*, 52 F.4th 625, 631 (5th Cir. 2022)).[1]

### E. Court Congestion

Sony does not refute this court's shorter time to trial. Nonetheless, they argue that because VisionX does not practice the patents in suit, there is no immediate need for resolution. Dkt. No. p 15. VisionX does not deny that it currently does not practice the patent. While this factor does not carry great weight in this case, it does weigh slightly against transfer.

### F. Local Interest

Sony argues that NDCA has stronger local interest in this dispute than does EDTX because Sony's US operations concerning the accused product and major third-party customers Apple and Google reside in the San Jose, California area. Sony also discredits VisionX's incorporation in Texas as too recent to carry weight.

In response, VisionX argues that Sony's San Jose operations are not where the accused device is designed, developed, or manufactured, and instead asserts that those activities are in New York, Japan, and Thailand. Dkt. No. 43 pp 14-15. VisionX also argues that sales activities of the accused product in isolation or incorporated into a finished product take place both beyond and within the United States. *Id.* citing *In re Planned Parenthood*, 52 F.4th at 631-32 (finding that "the defendants and the witnesses are located across the state and across the country" and concluding that "this is not the sort of localized case where the citizens of [one venue] have a greater stake in the litigation").

The products at issue in this case are designed and manufactured abroad. Sony has business operations in both districts. Its sales and marketing operations in San Jose do not give the citizens of the NDCA any greater interest in this case than those of this district or any other.

---

[1] In *Planned Parenthood*, the Fifth circuit connected living expenses with the "cost of willing witnesses" factor. 52 F.4th at 631. However, such cost would be associated with both willing witnesses and those compelled to appear, providing some basis to apply living expenses under the "other practical problems" factor as VisionX did here.

If this factor favors transfer, it is only slightly.

### G. Familiarity with the Law and Avoidance of Unnecessary Conflict of Laws

Both parties argue these factors are neutral.

### III. Conclusion

In sum, no factor in this case strongly favors transfer and some weigh against it. On balance, Sony has not met its burden that NDCA is clearly more convenient, and the motion, Dkt. No. 35, is **DENIED**.

**SIGNED this 19th day of May, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE